United States Court of Appeals for the First Circuit

| | |
|---|---|
| **Daniel E. Hall, a/k/a Sensa Verogna,** ) | |
| **Plaintiff, Appellant,** ) | Case No. 23-1555 |
|     v. ) | |
| ) | **APPELLANT'S REPLY** |
| **Twitter, Inc.,** ) | **FOR JUDICIAL** |
| **Defendant, Appellee** ) | **NOTICE II** |

## APPELLANT'S REPLY TO APPELLEE'S OPPOSITION TO APPELLANT'S MOTION FOR JUDICIAL NOTICE II

Plaintiff-Appellant, Daniel E. "Hall" respectfully Replies to Defendant-Appellee-"Twitter", Inc. or X. Corps. opposition to Hall's Motion for Judicial Notice II (Dkt. 0011804537, filed August 28, 2023), hereafter as "Motion".

1. Hall asks the Court to take judicial notice of certain statements made by then Twitter Inc. CEO, "Jack Dorsey", through a prepared statement and through his Congressional Testimony and statements made by Members of the US Congress. on September 5, 2018 before the House Energy and Commerce Committee, and the statements of Nancy Pelosi, Ted Cruz and Josh Hawley, at various dates in 2019.

2. As this case has yet to be calendared, Hall believes that IOP #2 requires that this be answered by only the Motions Panel. See [Hall's Rule 27 Motion, P. 1-3], filed on this same day.

3. Hall had asked the court to take judicial notice of the following publicly recorded documents which are `capable of immediate and accurate determination by resort to easily accessible sources of indisputable accuracy,'**[1]** and undisputed facts in matters of public record. **[2]**

---

[1] See Boateng v. Interamerican Univ. Inc., 210 F.3d 56, 60 (1st Cir. 2000); Uniform Rule of Evidence 9(2)(d) (1965).
[2] See Khoja v. Orexigen Therapeutics, Inc., 899 F.3d 999 (9th Cir. 2018).

4.     If asked to do so and "supplied with the necessary information," a court <u>must</u> take judicial notice of "adjudicative facts" "generally known within the territorial jurisdiction of the trial court or capable of accurate and ready determination by resort to sources whose accuracy cannot be questioned." Fed. R. Evid. 201(a), (b), and (d). See U.S. v. Simon, 842 F.2d 552, 555 (1st Cir. 1988).

5.     Fed. R. Evid. 201(c) notes that judicial notice may be permissive or mandatory. Under the wording of the rule, judicial notice is permissive if the court takes such notice on its own but is mandatory Fed. R. Evid. 201(c)(2) if a party requests it and the court is supplied with the necessary information.

6.     As Hall has requested judicial notice and supplied the Court with the necessary information which demonstrate that the statements made (through these documents) are material to Hall's Complaint and generally known, or can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned, the Court <u>must judicially notice of these public statements</u> made by then Twitter Inc. CEO, Jack Dorsey and by various sitting Members of Congress, and as required by Fed. R. Evid. 201(c)(2), as it is undisputable that these statements were made by these persons and are of public record.

7.     Hall asks that the statements of then Twitter, Inc. CEO, Jack Dorsey, be judicially noticed as they explain Twitter's motive and why Twitter took a particular course of action(s) in removing White Nationalists and White Supremist from their platform and "explains conduct" or how Twitter reacted in a certain way to statements by Members of Congress, ("effect on the listener") which are not excluded as hearsay under Rule 801. The truth of the matter is that Jack Dorsey did in fact make these statements in which Hall seeks to judicially notice.

8.     Jack Dorsey's testimony, both written and verbal were on behalf of Twitter and are not hearsay under Fed. R. Evidence, Rule 801(d)(2), as they: (A) were made in his

representative capacity of Twitter; (B) were statements manifested by Twitter that it adopted or believed to be true; (C) were made by a person whom Twitter authorized to make a statement on the subject; and (D) was made by Twitter's agent or employee on a matter within the scope of that relationship and while it existed. *Integrated Commc'ns v. Hewlett-Packard Fin. Servs.*, 478 F. Supp. 3d 126, 134 (D. Mass. 2020). Statements that are not offered for the truth of the matter (e.g., only offered to show the effect on the listener or to corroborate the witness's testimony) are not hearsay, and therefore are not excluded under Rules 801 and 802.

9. Hall disagrees that the Dorsey Testimony should be denied as moot simply because it is attached to Hall's Complaint and a part of the record. **[3]** As Twitter, in its objection, does not dispute that any these statements were made by Dorsey, while in control and CEO of Twitter, how can it now dispute that these facts would somehow not be conclusive and be noticed as fact.

10. Hall asks that the statements of (1) US House Speaker Nancy Pelosi on Apr 11, 2019, [D. 6.1, MOL, P. 5, para 12]; (2) US Senator Ted Cruz November 1, 2019, [D. 6.1, MOL, P. 5, para 13]; and (3) US Senator Josh Hawley on June 19, 2019, [D. 6.1, MOL, P. 5, para 14], be judicially noticed as they are relevant and material to Hall's claims that Twitter is/was a Federal Actor, and was coerced by members of Congress with such statements. The truth of the matter is that these Members of Congress did in fact make these statements in which Hall seeks to judicially notice and demonstrates their motives in making such statements.

11. Twitter is incorrect in stating that these statements by Members of Congress have never been brought up in the District Court as Hall introduced into the record some of the statements made by sitting members of Congress, in his Brief in support of Plaintiff's Motion to Declare Twitter a "State Actor" Under Law, [D. 6, 6.1] and this

---

[3] Quoted by Twitter in its Objection. *U.S. v. One Parcel of Land, Parcela 22*, 16 F. App'x 16, 23 n.7 (1st Cir. 2001), believed to be UNPUBLISHED. See Attached Exhibit A.

Court should consider them here as the District Court could have considered them when rendering its decision, and therefore would not be an expansion of the record.

12. Hall's agrees with Twitter that he made mistakes in transcribing certain text from the documents and could re-submit the motion is this Court so requests.

Respectfully,

/s/ Daniel E. Hall
Appellant- Plaintiff
Pro Se

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT

This document complies with Fed. R. App. P. 27(d)(2)(A) because this document contains no more than 5,200 words.

## CERTIFICATE OF SERVICE

I certify that on September 10, 2023, I served the foregoing Reply and Attachment upon the Defendant, through its attorney of record to Demetrio F. Aspiras, counsel of record via the Court's electronic filing system.

/s/ Daniel E. Hall

Selected docket entries for case 00–1747

Generated: 09/07/2023 20:24:36

| Filed | Document Description | Page | Docket Text |
|---|---|---|---|
| 08/23/2001 | | | OPINION filed. Lipez, Campbell, Cyr, Circuit Judges per curiam UNPUBLISHED [588267–1] [00–1747] (SU) |

Attached Exhibit A