United States Court of Appeals for the First Circuit

| | |
|---|---|
| **Daniel E. Hall, a/k/a Sensa Verogna,** ) | |
| **Plaintiff, Appellant,** ) | Case No. 23-1555 |
| v.    ) | |
| ) | **MOTION FOR LEAVE** |
| **Twitter, Inc.,** ) | **TO CVSG** |
| **Defendant, Appellee** ) | |
| _____ | |

## MOTION FOR LEAVE TO CALL FOR THE VIEWS OF THE SOLICITOR GENERAL (CVSG)

Respectfully, Plaintiff-Appellant Daniel E. "Hall" motions this Appeals Court to Call for the Views of the Solicitor General ("CVSG"). As the Solicitor General is "learned in the law", considered the 10th US Supreme Court Justice and de facto head of the Supreme Court's bar, has also previously represented Twitter in the Supreme Court regarding Hall's Mandamus regarding Judge Elliott's recusal and her personal knowledge of Johnstone's illegal pro hac vice policies, in which the Department of Justice and Solicitor General have, in their decision-making process, preformed extensive legal analysis upon Hall's legal challenges based on compelling legal or policy reasons, and have been an interested party in this case for over 3 years, the CVSG could prove to be a valuable tool for the panel in evaluating Hall's legal claims that there was bias of the Court and an illegal policy (Magistrate Johnstone's or other) within the District Court which allowed Twitter to leverage and gain the advantage of a bias tribunal in favor of itself, (68 favors) and to the detriment of Hall's rights. In the least, in not having a direct, tangible, or legally recognized stake or concern, or a direct stake in the

outcome of the case as they are not a party in the case, the CVSG should be compelled to answer what federal laws, regulations or policies they were defending and what was the potential impact this case was on public welfare, safety, or the important legal principles and its interests in representing and defending Twitter in Hall's Mandamus Writ to the US Supreme Court,[1] and thereby collaborating Hall's claim that Twitter was and is a State Actor.

## A. History of Involvement in this Case

The current appeal docket in this case indicates that Seth R. Aframe from the US Attorney's Office, David M. Liberman of the US Department of Justice and Indraneel Sur of the US Department of Justice, Civil Division are *"interested"* parties in this appeal. See Docket **22-1555.**

Hall's District Court case indicated, Indraneel Sur of the US Department of Justice Civil Division, was an *"interested"* party in his case against Twitter, from at least November 2020. See Record at Dkt. (00118028485).

In 2023, when Hall filed a Mandamus Petition in this Appeals Court regarding the recusal of Judge Elliott, (Case No. 22-1987), the docket indicated that the US Attorney's Office and the US Department of Justice, Civil Division as *"Respondent(s)"*. See attached **Exhibit A**.

In 2023, when Hall petitioned for Writ to the US Supreme Court

---

[1] Hall asked the Court to Issue a Writ of Mandamus Requiring the District Court's Recusal under section 455 (b)(1) Because a Judge Samantha D. Elliott has personal knowledge of disputed evidentiary facts concerning Johnstone's Illegal Policies.

(Case No. 227601) regarding the denied Mandamus Petition, regarding the recusal of Judge Elliott, the docket indicated that Elizabeth B. Prelogar, Solicitor General for the US Department of Justice was *"Attorney and Counsel"* of Record for the Respondent (Twitter) and on behalf of the United States. See attached **Exhibit B.**

In a June 20, 2023 waiver to the Supreme Court, the Solicitor General acknowledge that she is *"Counsel of Record"* for the Respondent (Twitter). And that she would file a response if requested to do so. See attached **Exhibit C.**

**B. United States Code**

28 U.S. Code § 517 - Interests of United States in Pending Suits

The Solicitor General, or any officer of the Department of Justice, may be sent by the Attorney General to any State or district in the United States to attend to the *interests of the United States* in a suit pending in a court of the United States, or in a court of a State, or to attend to *any other interest* of the United States.

28 U.S. Code § 518 - Conduct and Argument of Cases
(a) Except when the Attorney General in a particular case directs otherwise, the Attorney General and the Solicitor General shall conduct and argue suits and appeals in the Supreme Court and suits in the United States Court of Federal Claims or in the United States Court of Appeals for the Federal Circuit and in the Court of International Trade in which the United States is interested.
(b) When the Attorney General considers it in the interests of the United States, he may personally conduct and argue any case in a court of the United States in which the United States is interested, or he may direct the Solicitor General or any officer of the Department of Justice to do so.

**C. United States Solicitor General**

The task of the Office of the Solicitor General is to supervise and conduct government litigation in the United States Supreme Court. Virtually all such litigation is channeled through the Office of the Solicitor General and is actively conducted by the Office. The Solicitor General determines the cases in which Supreme Court review will be sought by the government and the positions the government will take before the Court, See [https://www.justice.gov/osg/about-office#:~:text=The%20task%20of%20the%20Office,actively%20conducted%20by%20the%20Office](https://www.justice.gov/osg/about-office#:~:text=The%20task%20of%20the%20Office,actively%20conducted%20by%20the%20Office).

Different from other types of litigation, government litigation refers to disputes involving the government, in which legal considerations like sovereign immunity that are uncommon in private litigation can play a crucial role. [https://lawadvocategroup.com/what-is-meant-by-government-litigation/](https://lawadvocategroup.com/what-is-meant-by-government-litigation/)

The Solicitor General's traditional role in conducting and controlling all Supreme Court litigation on behalf of the United States and its agencies — a role that is critical to the proper management of Government litigation brought before this Court, see id., at 702, n. 7, 706; id., at 709, 713-714 (STEVENS, J., dissenting) Federal Election Commission v. NRA Political Victory Fund 513 U.S. 88 (1994).

The Supreme Court has shown great respect for the views of the Solicitor General — "an advocate whom the Court can trust." See Jenkins, The Solicitor General's Winning Ways, 69 A.B.A.J. 734 (1983); Note, Government Litigation in the Supreme Court: The Roles of the Solicitor General, 78 Yale L.J. 1442 (1969). Hirabayashi v. U.S. 828 F.2d 591 (9th Cir. 1987). The Solicitor General, who has statutory authority

to conduct litigation in this Court, has requested us to vacate the judgment and remand for dismissal in the interests of justice. Petite v. United States 361 U.S. 529 (1960).

Attorneys employed under 28 U.S.C. § 518 can represent the United States in a wide range of civil cases. Attorneys employed under this statute may represent the United States in civil cases that involve constitutional challenges. This can include cases where the constitutionality of a federal law or government action is being questioned.

In the legal realm, the term "interested" typically refers to having a direct, tangible, or legally recognized stake or concern in a particular matter, case, or transaction. When someone is considered "interested" in a legal context, it means they have a legal interest, standing, or a right to be involved or affected by the outcome of the matter at hand.

The determination of who is considered "interested" in a specific situation can depend on the applicable laws, regulations, and the specific facts of the case. For example, in civil litigation, parties directly involved in a dispute are typically considered "interested" as they *have a direct stake in the outcome of the case.*

The interests of the Solicitor General typically include Defending Federal Laws and Policies, Preserving Executive Authority, Protecting Federal Agencies, Promoting the Public Interest, Ensuring Uniformity of Federal Law. The Solicitor General strives to promote consistency and uniformity in the interpretation and application of federal law across different jurisdictions. They may seek Supreme Court review of cases to resolve conflicts or establish clear legal precedent.

The Solicitor General's role is to represent the interests of the United States as a whole, rather than any specific agency or individual. The Solicitor General plays a critical role in deciding which cases the United States government will defend before the Supreme Court. This decision-making process involves several factors, including:

Statutory Obligations: The Solicitor General has a duty to defend federal laws, regulations, and policies unless there are compelling legal or policy reasons to do otherwise. They consider whether the case involves a challenge to a federal statute or regulation and evaluate the government's legal position and interests at stake.

Legal Merits: The Solicitor General evaluates the legal merits of the case, including the strength of the arguments in favor of the government's position. They assess the likelihood of success in defending the government's position and the impact the case may have on the interpretation and application of federal law.

Policy Considerations: The Solicitor General takes into account the policy implications of the case and how it aligns with the government's broader policy objectives. They consider whether the case presents an opportunity to advance or protect important government policies or principles.

Precedent and Legal Consistency: The Solicitor General considers the impact of the case on existing legal precedent and the need for consistency in the interpretation and application of federal law. They assess whether defending the government's position is consistent with prior Supreme Court decisions or whether a departure from precedent is necessary or appropriate.

Collaborative Input: The Solicitor General may consult with relevant government agencies, departments, or stakeholders to gather their input and perspectives on the case. This collaborative approach helps ensure that the government's defense aligns with the interests and expertise of the agencies involved.

It's important to note that the Solicitor General's decision-making process involves legal analysis, policy considerations, and strategic judgment. While they generally defend federal laws, regulations, and policies, there may be exceptional circumstances where the government chooses not to defend or supports a particular legal challenge based on compelling legal or policy reasons.

**D. Learned in Law**

Other than the justices themselves, the solicitor general is among the most influential and knowledgeable members of the legal community with regard to Supreme Court litigation. Within the Justice Department, the solicitor general exerts significant influence on all appeals brought by the department. The solicitor general is the only U.S. officer that is statutorily required to be "learned in law." Waxman, Seth (June 1, 1998). "'Presenting the Case of the United States As It Should Be': The Solicitor General in Historical Context". Journal of Supreme Court History. 23 (2): 3–25. doi:10.1111/j.1540-5818.1998.tb00134.x. S2CID 146716511. Retrieved June 7, 2011.

When determining whether to grant certiorari in a case where the federal government is not a party, the Court will sometimes request that the solicitor general weigh in, a procedure referred to as a "call for the views of the solicitor general" (CVSG).[2] In response to a CVSG, the

---

[2] Black, Ryan C.; Owens, Ryan J. (April 30, 2012). The Solicitor General and the United States Supreme Court: Executive Branch Influence and Judicial Decisions. Cambridge University Press. pp. 142–143. ISBN 9781107015296. OCLC 761858397.

solicitor general will file a brief opining on whether the petition should be granted and, usually, which party should prevail.[3]

— Seth P. Waxman, Solicitor General of the U.S. (1997–2001)[4]

For almost as long as there has been a Solicitor General of the United States (at least 150 years) [5], there has been debate over the unique functions and obligations of the office.[6] It's not just that the Solicitor General is one of the only federal officers who, by statute, must be *"learned in the law."*[7] Besides the Vice President, the Solicitor General is the only federal officer with formal offices in multiple branches of the federal government — in both the main building of the Department of Justice and the Supreme Court.[8] And the Solicitor General does not just have a physical presence at the Supreme Court; the Court's rules and traditions both formally and informally privilege the *Solicitor General as the de facto head of the Court's bar* — and show special solicitude to the Solicitor General across a constellation of considerations.[9]

---

[3] McElroy, Lisa (February 10, 2010). ""CVSG"s in plain English". ScotusBlog. Retrieved January 13, 2015.
[4] Seth P. Waxman, Solicitor Gen. of the U.S., "Presenting the Case of the United States as It Should Be": The Solicitor General in Historical Context, Address to the Supreme Court Historical Society (June 1, 1998), https://www.justice.gov/osg/about-office [https://perma.cc/QV72-3SZD].
[5] See An Act to Establish the Department of Justice, ch. 150, § 2, 16 Stat. 162, 162 (1870) (codified at 28 U.S.C. § 505 (2012)).
[6] See Rebecca Mae Salokar, The Solicitor General: The Politics of Law 8–32 (1992) (exploring the structural tensions that have defined the position throughout its history).
[7] 28 U.S.C. § 505.
[8] Waxman, supra note 1.
[9] See Lincoln Caplan, The Tenth Justice: The Solicitor General and the Rule of Law 19–50 (1987).

With these special privileges come special responsibilities. As Simon Sobeloff (Solicitor General from 1954 to 1956) put it, "[t]he Solicitor General is not a neutral, he is an advocate; but an advocate for a client whose business is not merely to prevail in the instant case. My client's chief business is not to achieve victory, but to establish justice."[10] The oft-repeated moniker that the Solicitor General is the "tenth Justice" [11] See Stephen I. Vladeck, The Solicitor General and the Shadow Docket.

**E. Argument**

As the Solicitor General is "learned in the law", considered the 10th US Supreme Court Justice and de facto head of the US Supreme Court's bar, has also previously represented Twitter in the Supreme Court regarding Hall's Mandamus regarding Judge Elliott's recusal and her personal knowledge of Johnstone's illegal pro hac vice policies, in which the Department of Justice and the CVSG have, in their decision-making process, preformed extensive legal analysis upon Hall's legal challenges based on compelling legal or policy reasons, and have been an interested party in this case for over 3 years, a CVSG could prove to be a valuable tool for the panel in evaluating Hall's legal claims that there was bias of the District Court and an illegal policy (Magistrate Johnstone's or other) within the District Court which allowed Twitter to gain leverage and to gain the advantage of a bias tribunal in favor of itself, (68 favors) and to the detriment of Hall's rights.

---

[10] Simon E. Sobeloff, Attorney for the Government: The Work of the Solicitor General's Office, 41 A.B.A. J. 229, 229 (1955).
[11] See, e.g., Caplan, supra note 6, at 3.

In the least, in not having a direct, tangible, or legally recognized stake or concern, or a direct stake in the outcome of the case as they are not a party in the case, the Solicitor General should be compelled to answer what federal laws, regulations or policies she was defending and what was the potential impact this case was on public welfare, safety, or the important legal principles and its interests in representing and defending Twitter in Hall's Mandamus Writ to the US Supreme Court.

For all these reasons, Hall requests this Court grant a motion for leave to call for the views of the solicitor general, in full or in part.

Respectfully,

/s/ Daniel E. Hall
Plaintiff, Appellant
Pro Se

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT

This document complies with Fed. R. App. P. 27(d)(2)(A) because this document contains no more than 5,200 words.

## CERTIFICATE OF SERVICE

I certify that on January 14, 2024, I served the foregoing Motion upon the Defendant, through its attorney of record to Demetrio F. Aspiras, counsel of record via the Court's electronic filing system.

/s/ Daniel E. Hall

**General Docket**
**United States Court of Appeals for the First Circuit**

| | |
|---|---|
| **Court of Appeals Docket #:** 22-1987 | **Docketed:** 12/21/2022 |
| In Re: Hall | **Termed:** 12/30/2022 |
| **Appeal From:** District Court of New Hampshire, Concord | |
| **Fee Status:** filing fee paid | |

**Case Type Information:**
  **1)** original proceeding
  **2)** mandamus (fee paid)
  **3)** -

**Originating Court Information:**
  **District:** 0102-1 : 1:20-cv-00536
  **Ordering Judge:** Samantha D. Elliott, U.S. District Judge
  **Date Rec'd COA:**
  11/23/2022

**Prior Cases:**

| | | | |
|---|---|---|---|
| 20-1933 | **Date Filed:** 09/25/2020 | **Date Disposed:** 08/08/2022 | **Disposition:** Affirmed |
| 20-2005 | **Date Filed:** 10/30/2020 | **Date Disposed:** 08/08/2022 | **Disposition:** Affirmed |
| 20-2006 | **Date Filed:** 10/30/2020 | **Date Disposed:** 06/02/2021 | **Disposition:** Defaulted |
| 20-2091 | **Date Filed:** 11/25/2020 | **Date Disposed:** 08/08/2022 | **Disposition:** Dismissed |
| 21-1317 | **Date Filed:** 04/21/2021 | **Date Disposed:** 08/08/2022 | **Disposition:** Dismissed |

**Current Cases:**

| | Lead | Member | Start | End |
|---|---|---|---|---|
| Companion | | | | |
| | 22-1948 | 22-1987 | 12/21/2022 | |

| **Panel Assignment:** | Not available |
|---|---|

---

| | |
|---|---|
| DANIEL E. HALL, a/k/a Sensa Verogna<br>Petitioner | Daniel E. Hall<br>Direct: 603-948-8706<br>[NTC Pro Se]<br>393 Merrimack St<br>Manchester, NH 03103 |
| ---------------------------- | |
| UNITED STATES<br>Respondent | Seth R. Aframe<br>Direct: 603-230-2352<br>[NTC Federal Government]<br>US Attorney's Office<br>53 Pleasant St<br>4th Fl<br>Concord, NH 03301-3904<br><br>Indraneel Sur<br>Direct: 202-616-8488<br>[NTC Federal Government]<br>US Dept. of Justice<br>Civil Division<br>PO Box 883<br>Ben Franklin Station<br>Washington, DC 20044-0000 |
| TWITTER, INC.<br>Respondent | Jonathan Mark Eck<br>Direct: 603-223-9100<br>[NTC Retained]<br>Orr & Reno PA<br>45 S Main St, Ste 400<br>PO Box 3550<br>Concord, NH 03302-3550<br><br>Hayden M. Schottlaender<br>Direct: 214-965-7700 |

**EXHIBIT A**

[COR NTC Retained]
Perkins Coie LLP
500 N Akard St
Ste 3300
Dallas, TX 75201

Julie E. Schwartz
Direct: 206-359-8000
[COR NTC Retained]
Perkins Coie LLP
1201 3rd Ave
Ste 4900
Seattle, WA 98101-0000

EXHIBIT A

| |
|---|
| IN RE: DANIEL E. HALL |
| Petitioner |

EXHIBIT A

| Date | | Description |
|---|---|---|
| 12/21/2022 | 171 pg, 15.72 MB | ORIGINAL PROCEEDING docketed. Petition for a writ of mandamus filed by Petitioner Mr. Daniel E. Hall. [22-1987]. CLERK'S NOTE: Docket entry was edited to modify the file date and replace an attachment. (GRC) [Entered: 12/23/2022 11:26 AM] |
| 12/23/2022 | | Filing fee was paid by Petitioner Mr. Daniel E. Hall. Receipt number: A01-38592-868. [22-1987] (GRC) [Entered: 12/23/2022 01:48 PM] |
| 12/23/2022 | | CASE submitted. Panel: Sandra L. Lynch, Appellate Judge; William J. Kayatta, Jr., Appellate Judge; Lara E. Montecalvo, Appellate Judge. [22-1987] (SBT) [Entered: 01/12/2023 12:01 PM] |
| 12/27/2022 | 1 pg, 103.39 KB | NOTICE of appearance on behalf of Respondent Twitter, Inc. filed by Attorney Julie E. Schwartz. Served on 12/27/2022. [22-1987] (JES) [Entered: 12/27/2022 07:44 PM] |
| 12/27/2022 | 1 pg, 94.67 KB | DISCLOSURE statement filed by Respondent Twitter, Inc.. Served on 12/27/2022. [22-1987] (JES) [Entered: 12/27/2022 07:45 PM] |
| 12/28/2022 | 1 pg, 120.2 KB | NOTICE of appearance on behalf of Respondent Twitter, Inc. filed by Attorney Hayden M. Schottlaender. Served on 12/28/2022. [22-1987] (HMS) [Entered: 12/28/2022 12:28 PM] |
| 12/29/2022 | 17 pg, 746.48 KB | ADMINISTRATIVE record. [22-1987] CLERK'S NOTE: Document was filed in wrong case. Correction made by clerk's office. No further action required. (DEH) [Entered: 12/29/2022 09:54 PM] |
| 12/30/2022 | 1 pg, 7.97 KB | JUDGMENT entered by Sandra L. Lynch, Appellate Judge; William J. Kayatta, Jr., Appellate Judge and Lara E. Montecalvo, Appellate Judge. Denied. [22-1987] (GRC) [Entered: 12/30/2022 11:51 AM] |
| 01/13/2023 | 18 pg, 177.07 KB | PETITION for rehearing and rehearing en banc filed by Petitioner Mr. Daniel E. Hall. Served on 01/13/2023. [22-1987] (DEH) [Entered: 01/13/2023 11:46 PM] |
| 01/25/2023 | 1 pg, 8.04 KB | ORDER entered by David J. Barron, Chief Appellate Judge; Sandra L. Lynch, Appellate Judge; William J. Kayatta, Jr., Appellate Judge; Gustavo A. Gelpi, Jr., Appellate Judge and Lara E. Montecalvo, Appellate Judge, denying petition for panel rehearing and petition for rehearing en banc filed by Petitioner Mr. Daniel E. Hall. [22-1987] (GRC) [Entered: 01/25/2023 02:46 PM] |
| 02/01/2023 | 6 pg, 162.23 KB | MOTION to stay *MANDATE PENDING CERTIORARI REVIEW* filed by Petitioner Mr. Daniel E. Hall. Served on 02/01/2023. [22-1987] (DEH) [Entered: 02/01/2023 09:36 AM] |
| 02/07/2023 | 1 pg, 7.58 KB | ORDER entered by William J. Kayatta, Jr., Appellate Judge, denying as moot motion to stay filed by Petitioner Mr. Daniel E. Hall. [22-1987] (GRC) [Entered: 02/07/2023 01:45 PM] |
| 05/19/2023 | 1 pg, 55.69 KB | U.S. SUPREME COURT NOTICE advising a petition for a writ of certiorari was filed on 04/25/2023 and assigned case number 22-7601. [22-1987] (GRC) [Entered: 05/23/2023 05:22 PM] |
| 10/02/2023 | 1 pg, 64.78 KB | U.S. SUPREME COURT ORDER entered on 10/02/2023. The petition for a writ of certiorari was denied. [22-1987] (GRC) [Entered: 12/22/2023 01:27 PM] |

EXHIBIT A

Clear All

○ Documents and Docket Summary
○ Documents Only

☐ Include Page Numbers

**Selected Pages:** 0    **Selected Size:** 0 KB
Totals reflect accessible documents only and do not include unauthorized restricted documents.

View Selected

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 01/27/2024 04:44:57 | | | |
| **PACER Login:** | Calibchkid1 | **Client Code:** | |
| **Description:** | Docket Report (full) | **Search Criteria:** | 22-1987 |
| **Billable Pages:** | 1 | **Cost:** | 0.10 |

EXHIBIT A

EXHIBIT B

Search documents in this case: [          ] [Search]

### No. 22-7601

| | |
|---|---|
| Title: | **Daniel E. Hall, Petitioner**<br>v.<br>**Twitter, Inc.** |
| Docketed: | May 19, 2023 |
| Lower Ct: | United States Court of Appeals for the First Circuit |
|   Case Numbers: | (22-1987) |
|   Decision Date: | December 30, 2022 |
|   Rehearing Denied: | January 25, 2023 |

| DATE | PROCEEDINGS AND ORDERS |
|---|---|
| Apr 25 2023 | Petition for a writ of certiorari and motion for leave to proceed in forma pauperis filed. (Response due June 20, 2023)<br><br>**Motion for Leave to Proceed in Forma Pauperis**   **Petition**   **Appendix**   **Proof of Service** |
| Jun 14 2023 | Waiver of right of respondent Twitter, Inc. to respond filed. |
| Jun 20 2023 | Waiver of right of respondent United States to respond filed.<br><br>**Main Document** |
| Jun 22 2023 | DISTRIBUTED for Conference of 9/26/2023. |
| Oct 02 2023 | Petition DENIED. |

| NAME | ADDRESS | PHONE |
|---|---|---|
| Attorneys for Petitioner | | |

**EXHIBIT B**

| | | |
|---|---|---|
| Daniel E. Hall<br>    Counsel of Record | 393 Merrimack Street<br>Manchester, NH 03103 | |
| Party name: Daniel E. Hall | | |
| Attorneys for Respondent | | |
| Elizabeth B. Prelogar<br>    Counsel of Record | Solicitor General<br>United States Department of Justice 950 Pennsylvania Avenue, NW<br>Washington, DC 20530-0001<br><br>SUPREMECTBRIEFS@USDOJ.GOV | 202-514-2217 |
| Party name: United States | | |
| Kenneth M. Trujillo-Jamison<br>    Counsel of Record | Willenken LLP<br>707 Wilshire Blvd., Suite # 3850<br>Los Angeles, CA 90017<br><br>ktrujillo-jaimson@willenken.com | 213-955-8031 |
| Party name: Twitter, Inc. | | |

EXHIBIT B

IN THE SUPREME COURT OF THE UNITED STATES

HALL, DANIEL E.
    Petitioner

vs.

No: 22-7601

TWITTER, INC.

## WAIVER

The Government hereby waives its right to file a response to the petition in this case, unless requested to do so by the Court.

                                            ELIZABETH B. PRELOGAR
                                            Solicitor General
                                              Counsel of Record

June 20, 2023

cc:

    DANIEL E. HALL
    393 MERRIMACK STREET
    MANCHESTER, NH 03103

**EXHIBIT C**