# UNITED STATES COURT OF APPEALS
# FOR THE FIRST CIRCUIT

_____

No. 23-1555

DANIEL E. HALL, a/k/a Sensa Verogna,

Plaintiff – Appellant,

v.

TWITTER, INC.,

Defendant – Appellee.

_____

### DEFENDANT-APPELLEE X CORP.'S OPPOSITION TO PLAINTIFF-APPELLANT'S MOTION FOR LEAVE TO CALL FOR THE VIEWS OF THE SOLICITOR GENERAL (CVSG)

Defendant-Appellee X Corp., as successor-in-interest to named defendant-appellee Twitter, Inc. ("X Corp."), respectfully submits this opposition to Plaintiff-Appellant Daniel E. Hall a/k/a Sensa Verogna's ("Hall") Motion for Leave to Call for the Views of the Solicitor General (CVSG) (Dkt. 00118101874; filed Jan. 30, 2024) ("Motion").

Hall argues that the Solicitor General should submit a brief in this appeal because she supposedly "represented [X Corp.] in the

1

Supreme Court" regarding Hall's since-denied petition for a writ of certiorari that sought review of this Court's denial of his "petition for writ of mandamus asking this Court to direct the district judge to recuse and to transfer the case to another venue." Motion at 1; *In re: Daniel E. Hall*, No. 22-1987, Dkt. 00117959231, at 1 (filed Dec. 30, 2022); *see also* Motion at 2 (arguing the Solicitor General "should be compelled to answer" as to her reasoning when she purportedly "represent[ed] and defend[ed]" X Corp. with respect to his petition for writ of certiorari). Hall also argues the views of the Solicitor General "could prove to be a valuable tool for the panel" with respect to the merits of his appeal. Motion at 1. Hall is wrong on both points.

*First*, the Solicitor General represented the United States, not X Corp., with respect to Hall's petition for a writ of certiorari. *See* Motion, Ex. B, at 2 (listing the Solicitor General as "Counsel of Record" for the "United States" and the undersigned counsel as "Counsel of Record" for "Twitter, Inc."); *id.*, Ex. C, at 1 ("The *Government* hereby waives its right to file a response to the petition in this case, unless requested to do so by the Court.") (emphasis added). Hall's assertion that the

2

Solicitor General represented X Corp. with respect to his petition for a writ of certiorari is simply incorrect.[1]

*Second*, Hall's argument that the Solicitor General's views "could prove to be a valuable tool for the panel," Motion at 1, ignores that this Court already decided "that this case will be submitted on the briefs without oral argument," Dkt. 00118069347 (filed Oct. 31, 2023) ("Submission Notice"). As Hall notes, the United States is listed on the docket as an "'*interested*' part[y]" in this appeal, and two attorneys from the Government are listed as counsel of record. Motion at 2. The Government did not submit a brief in this case, but the Court nonetheless took this appeal under submission. *See* Submission Notice.

For these reasons, Hall's Motion should be denied.[2]

---

[1] For this reason, Hall's contention that the Solicitor General "collaborat[es]" [sic] [his] claim that [X Corp.] was and is a State Actor" is incorrect. Motion at 2.

[2] Hall's Motion also demonstrates why this Court should grant Defendant-Appellee X Corp.'s Motion for an Order Imposing Filing Restrictions on Plaintiff-Appellant Daniel E. Hall or to Permit X Corp. to Lodge Rolling Objections to Any Future Submissions by Him (Dkt. 00118083204; filed Dec. 8, 2023) ("Motion for Filing Restrictions"). As X Corp. explained in that motion, Hall's track record on appeal, coupled with his previous behavior in the district court—where he filed forty-five motions and five interlocutory appeals before the district court granted X Corp.'s motion to dismiss—"strongly indicates that, absent a filing restriction, Hall will continue to file improper motions until the

Respectfully submitted,

Dated: February 9, 2024

*/s/ Kenneth M. Trujillo-Jamison*
Kenneth M. Trujillo-Jamison
CA1 Bar No. 1208689
Email: ktrujillo-jamison@willenken.com
WILLENKEN LLP
707 Wilshire Blvd., Suite 3850
Los Angeles, California 90017
Telephone: (213) 955-9240
Facsimile: (213) 955-9250

---

Court issues a decision on the merits of Hall's current appeal." *Id.* at 8-9 (citing *Castro v. United States*, 775 F.2d 399, 408-09 (1st Cir. 1985) (citing 28 U.S.C. § 1651), *abrogated on other grounds by Stevens v. Dep't of Treasury*, 500 U.S. 1 (1991); and *Pavilonis v. King*, 626 F.2d 1075, 1079 (1st Cir. 1980)).

Since X Corp. filed its Motion for Filing Restrictions, Hall has filed three more motions: Appellant's Motion for Leave to File Surresponse (Dkt. 00118087481; filed December 19, 2023); Appellant's Motion for Rule 201 Hearing (Dkt. 00118091413; filed January 1, 2024); and the instant Motion. They provide further confirmation that, absent filing restrictions, Hall will continue to file improper motions—even though this Court already has taken this appeal under submission. *See* Submission Notice.

## CERTIFICATE OF COMPLIANCE

Under Federal Rule of Appellate Procedure 27(d)(1)(E), I certify this motion complies with the typeface requirements of Rule 32(a)(5) and the type-style requirements of Rule 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word, Century Schoolbook, 14-point font.

Under Federal Rule of Appellate Procedure 27(d)(2)(A), I certify this motion complies with the length requirements because it contains 672 words, and therefore does not exceed the maximum of 5,200 words for a response to a motion.

/s/ Kenneth M. Trujillo-Jamison
Kenneth M. Trujillo-Jamison

## **CERTIFICATE OF SERVICE**

I certify that on February 9, 2024, I served the foregoing Defendant-Appellee X Corp.'s Response to Plaintiff-Appellant's Motion for Leave to Call for the Views of the Solicitor General (CVSG) upon Plaintiff-Appellant Daniel E. Hall and other counsel of record via the Court's electronic filing system.

*/s/ Kenneth M. Trujillo-Jamison*
Kenneth M. Trujillo-Jamison